WOLFIN v. SECURITY BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  December 20, 1915.)

1. BILLS AND NOTES ☞377—REAL DEFENSES—FORGERY.
    No title to a check and no right to collect it could be acquired by a bank through forgery of the indorsement of one of its owners in the chain of title, and, having collected the proceeds, the bank could not retain the money against the true owner.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 952; Dec. Dig. ☞377.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BILLS AND NOTES ⊂⇒63—NEGOTIATION—STATUTE—"NEGOTIABLE"—"DELIV-
ERY"—"CONSTRUCTIVE DELIVERY."

Under Negotiable Instruments Law (Consol. Laws, c. 38) § 60, providing that an instrument is "negotiable" when it is transferred so as to constitute the transferee the holder thereof, and that, if payable to order, it is negotiable by the indorsement of the holder, completed by delivery, and under section 2, providing that "delivery" means transfer of possession, actual or constructive, where a check was made payable to L., the maker causing L. to indorse it payable to the order of W., and then delivering the check so indorsed to L., with instructions to deliver to W., which L. promised to do, there was a "constructive delivery" to W., which is one effected by direction to a third person in actual possession of the instrument to deliver it to or hold it for the payee, so that W. became the owner of the check.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 95–103; Dec. Dig. ⊂⇒63.

For other definitions, see Words and Phrases, First and Second Series, Constructive Delivery; Delivery; Negotiable.]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Appellate Term, First Department.

Action by Jacob Wolfin against the Security Bank of New York. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Herman B. Goodstein, of New York City, for appellant.
Bernard Chambers, of New York City, for respondent.

SCOTT, J.   Plaintiff, claiming as owner of a check indorsed to his order, upon which his signature was forged, sues defendant, into whose hands the check subsequently came, and who collected the amount thereof from the bank upon which it was drawn.   The facts are as follows:

One Robert M. Bergmann drew his check upon the Twenty-Third Ward Bank for $450, payable to the order of Samuel Litt.   He then caused Litt to indorse the check payable to the order of Jacob Wolfin, this plaintiff, and delivered the check, thus indorsed, to Litt, with instructions to deliver the same to Wolfin, which Litt promised to do. He did not so deliver it, however, and the check never came into Wolfin's hands.   Some one, the case does not disclose who, forged Wolfin's signature on the back of the check, and in this condition it came into the hands of one Grossman, who deposited it, to his own account, with defendant, the Twenty-Third Ward Bank, on which the check was drawn.   There is no explanation why the check was originally drawn in favor of Litt, instead of Wolfin, nor does it appear that Bergmann, when he drew the check, was indebted to Litt.

[1]  The question involved turns, as we think, upon plaintiff's ownership of the check, and it is to that question that appellant directs his argument.   The defendant bank could acquire no title to the check, nor right to collect it, through forgery of the indorsement of one of the owners in the chain of title, and, having collected the proceeds, it may not retain the money against the true owner.   Seaboard National Bank

v. Bank of America, 193 N. Y. 26–30, 85 N. E. 829, 22 L. R. A. (N. S.) 499; Graves v. National Exchange Bank, 17 N. Y. 205–208.

[2] We consider that, upon the evidence as it comes before us, it must be held that Wolfin became the owner of the check. Section 60 of the Negotiable Instruments Law provides as follows:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder completed by delivery."

And section 2 of the same act provides:

" 'Delivery' means transfer of possession, actual or constructive, from one person to another."

Here there was no actual delivery to Wolfin; but there was, as we think, a constructive delivery. Such a delivery has been defined as one which is effected "by direction to a third person in actual possession of the instrument to deliver it to, or to hold it for, the payee." Norton on Bills & Notes (3d Ed.) 67. The precise question was passed upon by the Court of Appeals in Worth v. Case, 42 N. Y. 362, at page 367, in which the court said:

"There is no doubt that a delivery of a deed or note, or other obligation, to one person in favor of and for the benefit of another, constitutes a valid and binding delivery as against the party who delivers it, whether the party in whose favor it is delivered is owner of it or not; and for the purpose of protecting his interests the law holds the party receiving the delivery as his trustee, and makes his acceptance of it the acceptance of the beneficiary. And this, too, whether the person receiving the delivery knows the contents of the instrument or not, and whether he does anything more than merely receive it or not."

And the same rule has frequently and uniformly been applied in this and other jurisdictions. Applying these principles to the case at bar, it seems clear that Wolfin became the owner of the check when the maker intrusted it to Litt for delivery to plaintiff. Up to that moment, so far as appears, the check had not become negotiable, for, although drawn to Litt's order, it had not been transferred to him in such manner as to constitute him the owner thereof. Until the indorsed check was delivered to Litt for the sole purpose of delivering it to Wolfin, the maker retained domination and control over it. The transfer which under the statute was necessary to impart negotiability to the check was the delivery to Litt for the sole purpose of delivery to plaintiff. Why the maker adopted the form of drawing the check to Litt's order and causing him to indorse it we do not know and need not inquire. It is significant that it was never transferred to Litt for the purpose of constituting him. the holder and owner thereof. It is of no consequence that Litt was the maker's agent to make delivery to Wolfin. It may be that Wolfin need not have elected to assert ownership to the check, and might have preferred to resort to the original debt which the check represented. The fact is that he elected to accept and stands on the transfer to himself.

It really is of no consequence to defendant whether it pays the amount it collected to Wolfin, or to some one else. In any event, it

never gained title to the check, and if it be not required to pay the money collected back to the real owner of the·check, it would remain liable to repay it to the bank from which it collected the amount.

The determination appealed from is affirmed, with costs. Order filed.

CLARKE and DOWLING, JJ., concur.

INGRAHAM, P. J. (dissenting). I think when Bergmann, the maker of the check, made it payable to the order of Litt, Litt became the holder of the check. He indorsed it in the presence of the drawer of the check to the order of the plaintiff, and the drawer then instructed him to deliver the check to the plaintiff. If the drawer of the check wished to pay the sum of money to the plaintiff, there is no explanation why he went through this process of drawing the check to Litt, instead of directly to the plaintiff. Litt, being the payee of the check and having it in his possession, had authority as to third parties to obliterate the direction to pay to the plaintiff and transfer it to a third party, who would then have a good title to the check. If, instead of thus obliterating the name of the plaintiff, he signed the plaintiff's name, and then as owner of the check transferred it to the defendant, I do not see why the defendant would not acquire title to the check. Plaintiff never had possession of the check. It might be, as stated in the prevailing opinion, that if the drawer of the check had delivered it to a third party for delivery to the plaintiff, that would be a constructive delivery which would justify the plaintiff in maintaining the action; but it was delivered, not to a third party, but to the payee.

In Worth v. Case, 42 N. Y. 362, the instrument was delivered, not to the person to whom it was payable, but to a third party for the benefit of the plaintiff, and it was held that that constituted a valid and binding delivery as against the party who delivered it, and as between the maker of the check and the plaintiff the law would hold that the party receives the delivery of the instrument as plaintiff's trustee, and makes the acceptance of it the acceptance of the beneficiary.

In this case the plaintiff served a bill of particulars. It was there alleged that the check was indorsed, "Pay to the order of the plaintiff," by the payee; that after the check was so indorsed the drawer of the check handed it to Litt, with authority and with instruction to deliver it to the plaintiff; that the said Litt did not deliver the check to the plaintiff, but converted the same to his own use; that Litt forged or caused to be forged the name of the plaintiff on the back of said check; that said check so forged was presented by said Litt to one Grossman, and said Litt obtained from the said Grossman the sum of $450 in payment of said check; and that thereafter, and on September 23, 1914, two days after the check was drawn, the said Grossman deposited said check with the defendant, and on that day defendant collected and received the proceeds of said check from the bank upon which it was drawn. There was no evidence to contradict these allegations in the bill of particulars, and the defendant proved

that it received the check from Grossman in good faith for deposit, collected the check, and paid the amount thereof to Grossman.

I think, therefore, on the face of the instrument, Litt, being the payee, had authority to dispose of the check to a bona fide holder for value in good faith, and it is entirely immaterial who signed the plaintiff's name on the check, so long as it was actually negotiated by Litt, who received the proceeds, and that therefore the plaintiff could not recover the amount of the check from the defendant.

It follows that the judgment should be reversed.

LAUGHLIN, J., concurs.