Spiro Markovich, Plaintiff, v. American Exchange Irving Trust Company, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, April 23, 1928.

**Banks and banking — liability for payment on forged indorsements — action by payee against collecting bank to recover face of check paid on forged indorsement — collecting bank, under Negotiable Instruments Law, § 116, guaranteed genuineness of prior indorsements — bank was negligent and is liable — defense of laches not sustained.**

The plaintiff, the payee of a check, is entitled to recover the face thereof from the collecting bank, where the check was paid on the forged indorsement of the payee's name, for the collecting bank, under section 116 of the Negotiable Instruments Law, guarantees the genuineness of all prior indorsements and is responsible if it pays a check on a forged indorsement of the payee's name.

The neglect and laches with which the defendant seeks to charge the plaintiff did not occur in the transaction itself and were not the proximate cause leading the defendant to indorse the check and collect it. The proximate cause was the defendant's own negligence.

Action by payee of check against collecting bank.

*Jacob L. Grubel* [*Samuel D. Levine* of counsel], for the plaintiff.

*Paul E. Mead* [*Wm. A. Onderdonk* of counsel], for the defendant.

Leary, J. This is an action brought by the plaintiff, payee of a check, against a defendant, known as the collecting bank.

It has been stipulated that the defendant, American Exchange Irving Trust Company, assumes the liability, if any, of the Pacific Bank, which was the collecting bank.

The complaint is that the defendant collected and paid out the amount of the check on a forged indorsement of the payee's name. The answer of the defendant is a general denial which was amended at the time of the trial to include a defense of estoppel, due to the plaintiff's laches in notifying the defendant of such forgery.

The facts are as follows: Griggs & Herr were attorneys for the plaintiff in a certain matter pending in New Jersey which was settled for $1,200. They kept $600 and sent a check for $200 to the plaintiff's New York attorney, one Evans, payable to his order, and another in the sum of $400, payable to the order of the plaintiff, which he claims was not indorsed by him. The said check bearing what purports to be his indorsement was deposited to the account of Evans in the Pacific Bank, which collected the same, and credited the same to his account.

The defendant at the trial conceded that the check bore the indorsement of the Pacific Bank.

At the trial the defendant produced as a witness in its behalf one of its employees, who was also employed by the Pacific Bank, but

after a few questions having no direct bearing on the issue, he was excused without cross-examination by the plaintiff's attorney. No other testimony was presented in behalf of the defendant to refute the evidence of the plaintiff.

The contention of the defendant was that the plaintiff failed to make out a cause of action against it and accordingly moved to dismiss the complaint at the close of the plaintiff's case. The court reserved decision on this motion, and at the close of the defendant's case it renewed its motion.

The plaintiff testified that the indorsement of his name on the back of the check was not made by him, and that he received no money on account of said check. This testimony together with the concession of the defendant as to the indorsement of the check by the Pacific Bank, I find makes out a *prima facie* case against the defendant.

The only defense of which the defendant could avail itself was that of estoppel, and as to this it has presented no evidence, and contends that the burden of proving this was upon the plaintiff, and relies upon the case of *Annett* v. *Chase National Bank* (196 App. Div. 632) to defeat the plaintiff's recovery.

In that case it affirmatively appeared that the payee had knowledge of the forged indorsement and that he endeavored to effect a settlement with the forger before notifying the bank; and further that case was brought by the payee against the drawee bank. Such are not the facts in the instant case, and this action is brought by the payee against the collecting bank which put its indorsement on the check, which among other things warranted that all prior indorsements were genuine. (Neg. Inst. Law, § 116.)

When a check is presented for payment by a holder his indorsement is a guaranty of the validity of all prior indorsements, rendering him liable to refund any payment to him by virtue of a forged indorsement through which he claims title.

A bank must at its own peril determine whether the indorsement of the payee is genuine. It can require identification when the check is presented, or a responsible guaranty from the party presenting it, as to the genuineness of the payee's indorsement, and the defendant having failed so to do, and having relied upon the honesty of its depositor, it cannot now set up its own negligence to estop the plaintiff's recovery herein.

The neglect and laches with which the defendant seeks to charge the plaintiff did not occur in the transaction itself and were not the proximate cause leading it to indorse the check and collect it. The proximate cause was its own negligence. (*Swan*

v. *North British Australasian Co.*, 2 H. & C. 175, 181, cited with approval in *Knox* v. *Eden Musee Am. Co.*, 148 N. Y. 441.)

In the case of *Third Nat. Bank* v. *Merchants' Nat. Bank* (76 Hun, 475) the court said: " As the defendant, however, chose to make the payment to a person who was not the payee, it alone is responsible for the loss, and it cannot get rid of such liability by showing that after the loss had occurred there was negligence on the part of the plaintiff in discovering the forgery, or, after it had discovered it, in giving notice to the defendant, unless, in the latter contingency, it was coupled with proof that the defendant was damaged by the failure to give notice within a reasonable time after discovery." (Citing *National Bank of Commerce* v. *National Mech. Banking Assn.*, 55 N. Y. 211; *Corn Exch. Bank* v. *Nassau Bank*, 91 id. 74.) Whether the defendant was damaged or not by such failure to receive notice of the forgery after the discovery of the same, was not shown in the instant case.

" The greater negligence in a case of this kind is chargeable on the party who received the bill from the perpetrator of the forgery." (*Bank of Commerce* v. *Union Bank*, 3 N. Y. 230, 236.) In the case at bar the greater negligence, if any can be imputed to the plaintiff, is chargeable to the defendant, due to its failure to ascertain whether the payee's indorsement was genuine.

The case which I think is decisive of the rights of the parties herein is that of *Wolfin* v. *Security Bank* (170 App. Div. 519; affd., 218 N. Y. 709). In that case the court said (at p. 520): " The defendant bank could acquire no title to the check, nor right to collect it through forgery of the indorsement of one of the owners in the chain of title, and having collected the proceeds it may not retain the money against the true owner. (*Seaboard National Bank* v. *Bank of America*, 193 N. Y. 26, 30; *Graves* v. *American Exchange Bank*, 17 id. 205, 208.) "

The motion by the defendant to dismiss the complaint is denied, and I hereby find and decide that after trial the plaintiff is entitled to recover from the defendant the sum of $400.