## UNITED STATES v. BANK OF CONEY ISLAND et al.

District Court, E. D. New York. December 17, 1929.

No. 3515.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Leo T. Kissam, of New York City (Leo T. Kissam and J. Francis Hayden, both of New York City, of counsel), for defendant Brooklyn Trust Co.

GALSTON, District Judge. This is an action of law. The United States government on March 19, 1926, issued its treasury check to Malcolm S. Mackay, administrator of the estate of Jennie E. Mackay, in the sum of $9,044.37. This check was a refund for overpayment of taxes illegally collected. The check was forwarded by the plaintiff in Washington to the Income Tax Division in Newark, for delivery to the payee. Malcolm S. Mackay, on behalf of the estate, then executed a power of attorney authorizing the defendant Prussian to receive the check. The power of attorney did not authorize Prussian to indorse it. Prussian presented the power of attorney to the income tax official and obtained the check. On April 7, 1926, the check was deposited with the defendant bank by the defendant Buchman, who had an account with the bank. At that time, that is, when the check was presented to the bank, it bore the following indorsements in the order set forth:

"Malcolm S. Mackay, Admr. Est. of Jennie E. Mackay, Aaron Prussian, Atty.

"Aaron Prussian.

"Pay to the order of Bank of Coney Island. J. L. Buchman."

The bank collected the proceeds of the check through the Federal Reserve Bank, and credited Buchman's account with the amount. Buchman thereafter made miscellaneous deposits in the aggregate of $57,902.11 up to January 18, 1927. On March 12, 1927, his credit balance was reduced to $204.19. Claim for the proceeds of the check was then made upon the bank by the plaintiff. At the trial the plaintiff was permitted to amend the complaint so as to allege that the plaintiff was the owner and holder of the aforementioned check on April 6, 1926.

Malcolm S. Mackay testified that he did not write the indorsement appearing in his name, nor did he give any one any authority so to do, and also that the indorsement was made without his knowledge or consent. It would appear, therefore, that Prussian or somebody else forged the signature of the payee. On this set of facts the government seeks to recover from the bank the amount of the check.

It is difficult to see what right, if any, the plaintiff has in and to the check or its proceeds. Obviously the title to the check passed to Malcolm S. Mackay, as administrator of the estate of Jennie E. Mackay, when his duly authorized agent Prussian obtained delivery of the check on presentation of the power of attorney. Thereafter Mackay, as administrator, owned the check, and was entitled to its possession from Prussian, and is now entitled to the proceeds thereof.

If the estate of Jennie E. Mackay were to sue the Coney Island Bank, undoubtedly it could recover, subject, of course, to any equitable defenses available to the bank. Graves v. American Exchange Bank, 17 N. Y. 205; Marovich v. American Exchange Irving Trust Co., 132 Misc. Rep. 128, 229 N. Y. S. 110; Wolfin v. Security Bank of New York, 170 App. Div. 519, 156 N. Y. S. 474, affirmed without opinion in 218 N. Y. 709, 113 N. E. 1068.

That there may be a real and valued equitable defense which the bank could raise in an action by the Mackay estate is indicated in the proofs, perhaps sufficiently to create an equitable estoppel. Third National Bank v. Merchants' National Bank, 76 Hun, 475, 27 N. Y. S. 1070.

Plaintiff agrues and cites authorities to show that the Coney Island Bank never acquired title to the check, and that it has a responsibility arising out of the forgery. With that position there can be no quarrel; but the plaintiff persistently evades the critical question raised by the defendant the Brooklyn Trust Company that the government has shown neither title to the check, to the proceeds, nor to the right of possession thereof.

The motion to dismiss the complaint is granted.