FOURTH DEPARTMENT, MARCH, 1953.

(March 4, 1953.)

ELTON W. HALL, Respondent, v. BANK OF BLASDELL, Appellant.— Judgment affirmed, with costs. All concur, except Piper, J., who dissents and votes for reversal and for dismissal of the complaint in the following memorandum: The check was drawn to Betty J. and Thomas Gallegos for a specific purpose, i.e., to pay to "Schneider Motors" as payment in full for a "1948 Nash 4-door Sedan" on which the bank had taken a chattel mortgage. Before delivery of the check to the Gallegos, the bank required them to indorse the check to Schneider Motors and constituted them the agents of the bank to deliver the check to Schneider Motors. This was all a part of one transaction and constituted Schneider Motors the payee of the funds represented by the check. It is conceded that the purported indorsement was forged. Section 42 of the Negotiable Instruments Law provides that a forged signature or one "made without authority" is "wholly inoperative" and no right to enforce payment thereof (the instrument) against any party thereto can be acquired through such signature "unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority." As in Wolfin v. Security Bank (170 App. Div. 519, affd. 218 N. Y. 709) the delivery here to the named payee was not unconditional, but was for the purpose of delivery to Schneider Motors to pay for the

Nash sedan. When Schneider Motors refused to accept the check for the purpose for which it was issued, the named payee obtained no title to the check, and it then became the property of the bank as the consideration for which it was issued had failed. Neither do I agree that the plaintiff here was a holder in due course. Section 91 of the Negotiable Instruments Law defines "A holder in due course". One of the requirements is that "he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." I think the indorsement on the check to the Schneider Motors setting forth that it was to pay the balance due on the Nash sedan was notice that Schneider Motors would not indorse the check and return it to the original payees. Further, John W. Hall, plaintiff's agent, relied upon the Schneider indorsement when he cashed the check and as I have pointed out plaintiff obtained no title through the Schneider Motors indorsement. While I rely mainly on the *Wolfin* case (*supra*), I think the following cases also support the defendant's position: *United Cigar Stores Co.* v. *American Raw Silk Co.* (184 App. Div. 217, affd. 229 N. Y. 532); *Seaboard Nat. Bank* v. *Bank of America* (193 N. Y. 26); *Cohen* v. *Lincoln Sav. Bank* (275 N. Y. 399), and *Strang* v. *Westchester Co. Nat. Bank* (235 N. Y. 68, and cases cited therein). (Appeal from a judgment for plaintiff in an action to recover on a cashier's check.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.