■ In the Matter of IRA APPLEMAN, Respondent, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant.— In a proceeding pursuant to article 78 of the CPLR to set aside the determination of the City Rent and Rehabilitation Administrator revoking rent increases previously granted to petitioner for rewiring, the Administrator appeals from an order of the Supreme Court, Kings County, entered February 16, 1965, which (a) granted petitioner's application; and (b) remanded the proceeding to the Admin-istrator to determine the reduction of rents with respect to each tenant, limited to the extent of the deprivation of such tenant with respect to the matters in ques-tion for the period in question only. Order affirmed, with costs. In 1961 peti-tioner engaged a contractor to install adequate wiring with respect to each of the two apartment buildings here involved, in accordance with then Administra-tor's Revised Opinion No. 117. Certificates of electrical inspection were obtained in August, 1961 from the Department of Water Supply, Gas and Electricity. In September, 1961 the Administrator granted rent increases of $3 a month for each apartment in the two buildings. On June 1, 1962 the said Department reinspected the wiring and placed violations against both buildings because the work had not been properly done. In October, 1962, after the violations in both buildings had been corrected, orders were issued revoking the rent increases retro-actively to September, 1961. The rent increases were restored on November 1, 1962 as of the dates of removal of the violations in each of the buildings. Involved in this proceeding are the increases of $3 a month for each apartment between the original dates of granting in September, 1961 and the dates of restoration of the increases. Although the rent increases granted in September, 1961 were conditioned on full compliance with the provisions of then Adminis-trator's Revised Opinion No. 117, the fact is that petitioner was not guilty of fraud in obtaining the increases, but was himself the victim of the fraud of the contractor, who was thereafter indicted and found guilty of grand larceny for the very dificiencies which caused the placing of the violations on June 1, 1962. There is no claim that petitioner even knew of the irregularity or fraud of the contractor. The contract between petitioner and the contractor provided that there be compliance with the requirements of the Rent Commission and the New York City Electrical Code. Petitioner paid the contract price on completion of the work by the contractor and the issuance of the certificate of inspection by the Department of Water Supply, Gas and Electricity. The rewiring was ade-quate as far as capacity was concerned. However, technical violations of the Electrical Code were discovered by the Department about 9 or 10 months after the original inspection. Immediately upon being apprised of the violations, petitioner had them corrected at a cost less than 2½% of the original contract price. There is no claim that any of the dangers (which the Department stated were presented by the wiring actually installed) actually did come to pass. It is not denied that all or most of the tenants received the substantial benefits resulting from the rewiring and from petitioner's substantial investment in that

rewiring. It is not claimed that the contract price was insufficient to do the wiring correctly and in accordance with law. The contractor's fraud is not chargeable to petitioner where he honestly and in good faith hired the contractor and paid him the regular contract price to do an honest job. To accept the contention of the Administrator and to effect a rollback of the entire rent increase in the case at bar would place a landlord who (as here) is innocent of any wrongdoing in the same position as one who is guilty of active misrepresentation or fraud on the Commission. Beldock, P. J., Ughetta, Christ, Brennan, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to confirm the determination of the Administrator, with the following memorandum: In my opinion, the determination of the Administrator has a rational basis and therefore, may not be disturbed. (Cf. *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108; *Matter of Friedman* v. *Weaver*, 3 N Y 2d 123, 126.) Doubtless the petitioner was innocent of any fraud in relying on the skill and integrity of the contractor hired to install the electrical wiring. Nevertheless, the Administrator was free, in deciding where the burden of the deficiencies in the installation should lie as between the innocent tenants and the innocent petitioner, to place that burden on the petitioner who, at least, had the opportunity to inspect the work as it proceeded. The choice of the Administrator in this context is no different from the choice which the courts are frequently called on to make between two innocent parties who are the victims of a third person's wrong (cf. *Amols* v. *Bernstein*, 214 App. Div. 469; *Hall* v. *Bank of Blasdell*, 281 App. Div. 939; *Smith* v. *Parr Motor Sales*, 279 App. Div. 1118, affd. 305 N. Y. 615). In addition to the opportunity of inspection open to the petitioner, the Administrator could also properly consider in making the determination her findings, based on substantial evidence, that the tenants did not enjoy the amount of current to which they were entitled, and that serious hazards had resulted from the defective wiring. Hence, in my view, the Administrator's decision to revoke the increase of rents previously granted on the strength of the proper installation of wiring until such time as the petitioner corrected the deficiencies was not arbitrary, unreasonable, or based on insufficient evidence.