Paul J. Yesawich, Jr., J.
Plaintiff, a supplier of prebuilt homes, contracted with Keith Lanphear, a general contractor designated by one Baron, to deliver such a home to Baron’s site. Baron agreed to pay Lanphear an amount which presumably included $11,000 which Lanphear was to pay to the plaintiff. Upon delivery of the unit to the site, Baron gave Lanphear his personal check, drawn on the defendant bank, in the sum of $13,000 and made payable to “ Keith Lanphear payable to Barden Homes ”. Lanphear thereupon indorsed the check as follows:
“ Keith Lanphear Barden Homes for deposit only Keith’s swim pools K. Lanphear ’ ’
Defendant bank paid the check and deposited the entire proceeds to Lanphear’s account. Plaintiff alleges that it has never received any portion of this check, and that there is $3,200 still due on the purchase price of the home.
Defendant admits it paid the check and deposited the proceeds to Lanphear’s account, and that the indorsement of the name ‘ ‘ Barden Homes ’ ’ constituted a forgery, but it denies that such payment constituted a wrongful conversion of plaintiff’s moneys. Defendant interposed two affirmative defenses asserting first that because the check was improperly drawn Lanphear’s indorsement alone was sufficient, and secondly, that plaintiff delayed an unreasonable time before commencing this action.
While the facts are not disputed, there is marked disagreement and, no dispositive authority, as to the legal significance of this unusual payee clause. Section 3-116 of the Uniform Commercial Code separates all instruments payable to the order of two or more persons into two categories: payable to them ‘ ‘ in the alternative” (§ 3-116, subd. [a]), or “ not in the alternative” (§ 3-116, subd. [b]). Since on its face, this check was not payable to Lanphear or Barden Homes, it was not payable to them. ‘1 in the alternative ’ ’. Its payment was therefore governed by subdivision (b) of section 3-116, which required that all payees *589 join in the negotiation. The indorsement of Barden Homes being a requisite to negotiation the imitation thereof constituted a forged indorsement, making the bank liable to Barden Homes in conversion.
While a drawer of a check is under a duty to promptly notify his depository of any forgeries, a payee is under no such legal obligation (Henderson v. Lincoln Rochester Trust Co., 303 N. Y. 27; Stern v. President & Directors of Manhattan Co., 134 Misc. 351, affd. 228 App. Div. 616). There being no duty on the defrauded payee to act with respect to the bank, the latter may predicate avoidance of liability on the Statute of Limitations but not on plaintiff’s claimed laches alone. Furthermore, it would be inequitable to impose a duty upon a payee to discover a forged indorsement when, as here, that payee may never even see the check, and the drawee can hold it in his own hands, and can, indeed reasonably should, note any irregularity of form; note any uniformity of the handwriting throughout the indorsement and if unsatisfied, refuse to pay the check.
Accordingly, defendant’s motion to dismiss the complaint for failure to state a cause of action is denied and plaintiff’s cross motion for summary judgment is granted.