■ CHARLES F. KLIMEK, Individually and as Parent and Natural Guardian of PETER E. KLIMEK, an Infant, Respondent, v COUNTY OF COLUMBIA, Appellant, and TOWN OF GHENT, Defendant and Third-Party Plaintiff. CHARLES F. KLIMEK et al., Third-Party Defendants. (And One Other Action.) — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered August 15, 1983 in Columbia County, which denied defendant County of Columbia's motion for summary judgment dismissing all claims against it. ¶ Following a highway accident on July 19, 1978 resulting in serious injuries to the infant plaintiff, an action by the father of the infant was commenced against the Town of Ghent and the County of Columbia. After issue was joined, the county moved for summary judgment dismissing the complaint pursuant to CPLR 3212. Special Term denied the motion by order dated October 18, 1980. Approximately three years later, after service of a verified bill of particulars and termination of discovery proceedings, the county again moved for summary judgment pursuant to CPLR 3212. Again, Special Term denied the motion. This appeal by the county ensued. ¶ We affirm the appealed order, albeit on procedural rather than substantive grounds. ¶ A reading of the notices of motion and supporting affidavits and the decisions of the two Special Term Justices before whom the CPLR 3212 motions for summary judgment were made clearly indicates that the sole issue in each instance was the applicability of section 102 of the Highway Law to the facts as they related to the county. Therefore, the disposition made in the original order by the first Justice became the law of the case (see Siegel, NY Prac, § 449, pp 593-594). The only means whereby the original order denying summary relief could have been affected was by motion addressed to the Justice who issued the order (CPLR 2221) or by appeal. Neither was done. Accordingly, the first order became binding upon all courts of coordinate jurisdiction and they may not

arrogate to themselves powers of appellate review (*George W. Collins, Inc. v Olsker-McLain Ind.*, 22 AD2d 485). ¶ Finally, even if we were to construe the county's second motion as one for leave to renew, in the absence of any showing that the original Justice "is for any reason unable to hear it", the second Justice is under a statutory mandate to transfer the motion to the first Justice (CPLR 2221). Such a transfer is mandatory and failure to follow the mandatory provisions of CPLR 2221 would result in reversal of the second order if it directed relief different from that found in the original order. However, since the appealed second order gave similar relief, an affirmance is in order. ¶ Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.