■ Vepco Impressions, Ltd., Appellant, v Continental Casualty Company, Respondent. — Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered May 17, 1984 in Albany County, which, *inter alia,* granted defendant's motion to vacate plaintiff's note of issue and notice of inquest and denied plaintiff's cross motion for permission to proceed to a default judgment.

On October 13, 1982, a building used by plaintiff in its business was damaged by fire resulting in property and income loss to plaintiff. When defendant, plaintiff's insurer, refused to compensate plaintiff, the present action was commenced by plaintiff to recover its loss. After issue was joined, plaintiff obtained an order from a Supreme Court Justice which required defendant to produce certain documents within 30 days. The order also provided that a failure to comply would result in the

striking of defendant's answer, permitting plaintiff to proceed to a default judgment. By consent, the order was modified to allow defendant 60 days, until January 2, 1984, to produce the documents.

On November 23, 1983, plaintiff obtained a second order from a different Supreme Court Justice requiring defendant to produce a witness for an examination before trial. This order also provided that defendant's answer would be stricken and plaintiff allowed to proceed to default if defendant failed to comply. Defendant was required to produce the witness by January 5, 1984. Defendant failed to produce all the documents in its possession by January 2, 1984 as required by the first order. Defendant also failed to produce the witness for examination by January 5, 1984 as required by the second order.

On January 17, 1984, plaintiff filed a note of issue and a notice of inquest. The inquest was scheduled for February 3, 1984. On January 30, 1984, defendant moved by order to show cause to vacate the note of issue and notice of inquest. The order to show cause temporarily stayed proceedings on the default. Plaintiff cross-moved for an order permitting it to continue its default judgment proceeding. The motions were returnable before the Supreme Court Justice who had issued the second order which compelled deposition of a witness. Special Term granted defendant's motion to vacate the note of issue and inquest notice and denied plaintiff's cross motion. This appeal by plaintiff ensued.

Since the order, dated January 30, 1984, directed plaintiff to show cause why an order should not be made vacating plaintiff's note of issue and notice of inquest and extending defendant's time to comply with discovery demands pursuant to each of the prior orders, it necessarily affected two separate and distinct orders signed by two different Supreme Court Justices with coordinate jurisdiction. We do not question Special Term's right to entertain and decide that part of the relief sought in the January 30, 1984 show cause order which sought additional time to produce a witness for deposition, and, indeed, affirm that part of its order which granted defendant 45 additional days to comply. However, we are constrained to conclude that it erred in failing to transfer that part of the motion which sought to modify the order requiring the production of documents to the Justice who had issued that order.

A motion which attempts directly to affect a prior order must be made to the judge who rendered the original order. Particularly, as herein, where a motion affects a prior order in such a way as might warrant the exercise of judicial judgment, it is governed by the provisions of CPLR 2221 which, in such a

case, mandates transferal. The disposition made in the original order becomes "the law of the case". When this doctrine intervenes, it makes the original determination binding upon all courts of coordinate jurisdiction and they may not arrogate to themselves powers of appellate review (*see, Klimek v County of Columbia,* 102 AD2d 930, 931).

Order modified, on the law, without costs, by reversing so much thereof as found defendant not to be in default under the order entered December 15, 1983, vacated plaintiff's note of issue and notice of inquest, denied plaintiff's cross motion to permit default proceedings and ordered defendant to make a search of its records; that part of defendant's motion which sought to vacate the note of issue and notice of inquest and to extend the time to comply with order entered December 15, 1983 and cross motion to allow default proceedings ordered transferred pursuant to CPLR 2221; and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.