■ Paulette M. Heffernan et al., Appellants, v Norstar Bank of Upstate New York, as Successor to Mohawk National Bank, Respondent.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered January 30, 1986 in Albany County, which denied plaintiffs' motion for summary judgment.

Plaintiff Thomas M. Heffernan, Sr., was the payee on a

---

check drawn by Empire Management Company XII (Empire Management) on its account with Northeast Savings Bank. Shortly after the check was drawn, it came into the possession of Daniel Prewett, plaintiffs' financial advisor, who indorsed the check "pay to the order of Empire Software Systems, by Thomas Heffernan, by Daniel Prewett" and deposited it into Empire Software's business account with Mohawk National Bank (Mohawk). Mohawk transferred the check to Northeast Savings, which debited Empire Management's account and paid the proceeds over to Mohawk. Thereafter, plaintiffs commenced the instant suit against defendant, successor to Mohawk, by service of a summons and notice of motion for summary judgment in lieu of complaint, claiming that defendant cashed the check over Thomas Heffernan's unauthorized, forged signature and was, therefore, liable to plaintiffs pursuant to UCC 3-419 for the full face amount of the check.

UCC 3-419 provides that the payee on a check may maintain an action in conversation against a despository bank, such as defendant, which pays an instrument over a forged indorsement. However, UCC 3-419 (3) also provides that: "a depository or collecting bank, who has in good faith and in accordance with * * * reasonable commercial standards * * * dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands."

Defendant opposed the motion claiming, *inter alia,* in an affidavit of David A. Terrenzio, its vice-president who had held the same position with Mohawk at the time of the transaction, that it was not liable to plaintiffs because its conduct in accepting the check over Prewett's indorsement was commercially reasonable in that Prewett was a regular bank customer who maintained several accounts with substantial deposits. Special Term denied plaintiffs' application and held that a question of fact existed regarding the commercial reasonableness of defendant's conduct.

Subsequently, plaintiffs deposed Terrenzio. In his testimony, Terrenzio admitted that at the time of Prewett's indorsement it was defendant's nonwaivable policy to require that an executed power of attorney be on file before a customer would be allowed to indorse a check in a representative capacity. He further stated that there was no such form in defendant's file showing that Prewett had authority to sign Thomas Heffernan's signature and, therefore, the check in question was

deposited in contravention of defendant's rules. Most significantly, Terrenzio expressly conceded his familiarity with reasonable commercial standards and that such standards conformed to the foregoing bank policy.

Relying upon Terrenzio's deposition, plaintiffs again moved for summary judgment. Defendant opposed the motion, objecting to the use of the deposition on the grounds that it contained expert opinion and Terrenzio had neither been paid a fee nor qualified as an expert. Defendant did not contest that the unauthorized indorsement constituted a forgery. Special Term held that the deposition did contain expert opinion which might or might not be admissible at trial and determined that a question of fact still remained as to the commercial reasonableness of defendant's conduct, precluding summary judgment.

In our view the motion should have been granted. Undeniably, under UCC 3-419 (3), defendant was liable for conversion in accepting the check over Heffernan's forged indorsement, unless its defense that it acted in accordance with reasonable commercial standards is viable. The deposition of Terrenzio, an officer and authorized agent of defendant, could be used by plaintiffs as evidence of defendant's violation of reasonable commercial standards, providing that his admissions on this issue were admissible under the rules of evidence (CPLR 3117 [a] [2]). The challenges to the admissibility of the pertinent parts of the Terrenzio deposition conceding defendant's violation of reasonable commercial standards are twofold. Defendant objects that Terrenzio was not paid an expert fee in return for his expert testimony and that no foundation was laid to qualify him as an expert. However, although a witness may refuse to give expert testimony unless compensated *(People ex rel. Kraushaar Bros. & Co. v Thorpe,* 296 NY 223, 225; *Matter of Atkinson,* 103 AD2d 960), defendant's failure to pay Terrenzio an expert fee is not an evidentiary objection preserved pursuant to CPLR 3117 (a). Regarding Terrenzio's qualifications as an expert, his testimony established that he was a professional banker, having attained the vice-presidency of both defendant and its predecessor bank. He also affirmed his familiarity with reasonable standards of commercial banking practice. Moreover, defendant submitted his affidavit opposing plaintiffs' initial summary judgment motion in which he expressed an opinion as to commercial practices. Certainly, the foregoing minimally qualified Terrenzio as an expert who possessed the "requisite skill, training, education, knowledge or experience from which it [could] be assumed that the

information imparted or the opinion rendered [was] reliable" *(Matott v Ward,* 48 NY2d 455, 459).

Defendant seeks to avoid the effect of Terrenzio's testimony by citing the stipulation entered into by the parties at the time his deposition was taken to the effect that all objections to questions were reserved until trial. This is unavailing. Defendant could have demonstrated Terrenzio's lack of qualifications through its own questioning of him at the deposition, or by demonstrating his incompetency as an expert on banking practices in its papers in opposition to the summary judgment motion. The bald assertion in defendant's opposing papers that no proper foundation had been laid for Terrenzio's rendition of an expert opinion did not create a basis for rejecting the use of that testimony as a binding admission against defendant.

We are not persuaded that defendant demonstrated the existence of a question of fact requiring a trial on the issue of the commercial reasonableness of its conduct. Its conclusory allegations denying that it failed to observe standards of commercial reasonableness were insufficient to either rebut Terrenzio's admissions *(see, Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342-343) or meet its burden of proof on this issue *(see, Tette v Marine Midland Bank,* 78 AD2d 383, 386).

Order reversed, on the law, with costs, motion granted and summary judgment awarded to plaintiffs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.

Yesawich, Jr., J., concurs in a memorandum. Yesawich, Jr., J. (concurring). While I fully agree with the result reached by the majority, I write separately to address what I consider a significant procedural issue.

In my view, it is unnecessary even to address defendant's arguments directed at plaintiffs' use of Terrenzio's deposition. It appears to me that the majority's decision by doing so undermines the vitality of the corporate-agent admission provision (CPLR 3117 [a] [2]), and to the extent it recognizes the corporate defendant's right to disavow relevant testimony furnished by its chosen spokesman, the decision invites duplicative discovery and attendant additional expense for all litigants.

Defendant selected Terrenzio to speak on its behalf in opposition to plaintiffs' original motion for summary judgment and he averred that "he has custody of the records and knowledge of *the facts"* (emphasis supplied). Since the damaging admissions he made during the subsequently conducted

examination before trial, upon which plaintiffs rely, concern the facts underlying this action, it would be patently unfair to afford defendant the opportunity now to challenge plaintiffs' use of that deposition on what I perceive to be the dubious ground that Terrenzio lacked the authority or the qualification to bind the corporation.

Not all objections to the competency of a witness to testify are waived at an examination before trial, but those that could have been readily cured had the objection been made earlier are (see, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3115.05). Defendant has no legitimate complaint; not only did it produce Terrenzio in the first instance, and thus overtly represented he had the requisite knowledge to bind defendant, but it had the right, which this record does not indicate it elected to exercise, to cross-examine (see, CPLR 3113 [c]). Add to this defendant's failure to interpose an appropriate objection at the deposition or to obtain a ruling or seek a protective order, and it can fairly be said that the competency of Terrenzio to respond on defendant's behalf was waived.