STATE OF NEW YORK, Respondent, v BARCLAYS BANK OF NEW YORK, N. A., Appellant.

Third Department, October 19, 1989

---

### APPEARANCES OF COUNSEL

*Moses & Singer (David M. Satnick* of counsel), for appellant.

*Robert Abrams, Attorney-General (Denise A. Hartman* and *Nancy A. Spiegel* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Plaintiff, the named payee, brought this conversion action to recover the face amount of checks which Bankers Trust Company of Hudson Valley, N. A., since absorbed by defendant, paid over forged endorsements into the account of Richard Caliendo. An accountant, Caliendo had prepared tax returns for various clients. In so doing, he acquired checks which were written by his clients and made payable to various State taxing authorities. For the 10 months preceding his death, Caliendo improperly endorsed these checks and deposited the proceeds thereof into his account at Bankers Trust. The latter then collected the face value of the checks, in excess of $545,000, from the clients' (drawers') banks.

It is undisputed that plaintiff never received delivery of the checks and, in fact, did not become aware of their existence until after Caliendo's death. When Caliendo's fraud was discovered, a number of the drawers brought actions against Bankers Trust seeking to hold it liable for payment of the checks, many of which were for fictitious tax obligations. Those of the drawers' actions, the first of which was commenced in 1980, three years prior to the instant lawsuit initiated by plaintiff, which have not yet been settled are pending in Supreme Court in Ulster County. In those actions, one of the defenses being asserted is that the forged endorsements were the result of the respective drawers' negligence in permitting their agent, Caliendo, unfettered authority over the drawers' banking matters.

In 1983 defendant moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action.

Defendant argued that inasmuch as plaintiff never received delivery of the checks, it never became the true owner and thus it had no property interest in the checks upon which to sue. That motion was denied but defendant's appeal therefrom was never perfected. Thereafter, defendant, relying on the identical ground upon which its motion to dismiss was based, moved for summary judgment. Supreme Court concluded that summary judgment was precluded by the doctrine of the law of the case and denied defendant's motion. For the reasons hereinafter set out, we reverse and grant summary judgment in defendant's favor.

The law of the case doctrine declares that a court of coordinate jurisdiction should not disregard an earlier decision on the same question in the same case *(Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry,* 128 AD2d 467, 469). This doctrine is inapplicable here, however, for unlike a motion for summary judgment which searches the record and assesses the sufficiency of the parties' evidence, a motion to dismiss for failure to state a cause of action merely examines the adequacy of the pleadings *(see, supra).* The two motions being distinctly different, defendant had an unimpaired right to resort to summary judgment.

▮ The single substantive issue defendant raises is whether a named payee of an undelivered check may bring a conversion action against a depositary bank which cashed the check over a forged endorsement. We hold that it cannot; delivery, either actual or constructive, is an indispensible prerequisite for such an action.

In New York, this precise question has not been dealt with since the Uniform Commercial Code was adopted in 1962. There are, of course, reported instances where New York courts, including our own, have allowed payees to sue depositary banks pursuant to UCC 3-419 even though the payees never actually received the check involved *(see, e.g., Hechter v New York Life Ins. Co.,* 46 NY2d 34; *see also, Heffernan v Norstar Bank,* 125 AD2d 887; *Moore v Richmond Hill Sav. Bank,* 117 AD2d 27; *Capital Dist. Tel. Employees Fed. Credit Union v Berthiaume,* 105 Misc 2d 529; *Barden & Robeson Corp. v Tompkins County Trust Co.,* 67 Misc 2d 587), but in none of these cases did the court focus attention specifically on the issue of nondelivery. In fact, in each of them the check either came into the hands of the payee's agent or a copayee; apropos of this latter circumstance, analyses by leading commentators on the UCC makes clear that delivery to one

copayee is constructive delivery to the other copayee (White and Summers, Uniform Commercial Code § 15-5, at 664-665 [3d student's ed]; *see also,* Bailey, Brady on Bank Checks ¶ 27.8 [6th ed]). And plaintiff's contention that *Henderson v Lincoln Rochester Trust Co.* (303 NY 27) is dispositive is readily answerable, for the record there discloses that the delivery issue was never even broached.

Federal authorities interpreting New York law, cited by plaintiff, are not wholly beneficial to its cause, for in *United States v Bankers Trust Co.* (17 UCC Rep Serv [Callaghan] 136), the check at issue was actually delivered to one of several joint payees. As for *Lund's, Inc. v Chemical Bank* (870 F2d 840), we find the rationale of this decision, that delivery is not an essential precondition of a conversion action because to impose such a requirement would allow banks " 'frequently [to] escape liability' " on forged endorsements, unpersuasive *(supra,* at 852; *see also, United States v Bankers Trust Co., supra,* at 141). Given that a depositary bank which pays on a forged endorsement is subject to suit by the drawee bank (UCC 3-417 [1] [a]; 4-207 [1] [a]), and in some cases the drawer *(Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459, 464), the likelihood that liability quite often will be avoided does not appear justified.

Nor are we dissuaded by the suggestion that requiring the payee to sue the drawer upon the underlying obligation would create "circuity of action" *(United States v Bankers Trust Co., supra; Lund's, Inc. v Chemical Bank, supra).* In the circumstances prevailing here, circuity of action serves a salutary function; it preserves the allocation of rights and liabilities the UCC created in that it facilitates the defenses available to each of the parties in the commercial chain *(see,* White and Summers, Uniform Commercial Code § 15-5, at 662-664 [3d student's ed]).

Under pre-UCC law, New York prohibited a payee from suing the depositary bank absent delivery of the check; the payee was relegated to recovering only from the drawer on the underlying obligation *(Trojan Publ. Corp. v Manufacturers Trust Co.,* 298 NY 771, 773; *see, Hall v Bank of Blasdell,* 306 NY 336, 342). UCC 3-419 did not abrogate this prohibition. And we have not been alerted to anything in the UCC that gives one to understand that the Legislature intended to override this common-law requisite of delivery.

As for the UCC itself, section 3-419 (1) (c) in pertinent part

provides that "[a]n instrument is converted when * * * it is paid on a forged endorsement". Although this subdivision does not define to whom a party paying on a forged endorsement is liable, it does limit the liability of depositary and collecting banks, in conversion or otherwise, to the "true owner" (UCC 3-419 [3]). As explained in the official comment to this section, "[a] negotiable instrument is the property of the holder" (UCC 3-419, Comment 2); by any definition, plaintiff possesses none of the attributes of a "holder". Also not without significance is the language in subdivision (3) of UCC 3-419, which illustrates the UCC's hostility to suits against depositing and collecting banks. In general, these banks are liable only when they fail to follow reasonable commercial standards and then only to the extent of the converted proceeds remaining in the bank's hands.

Several practical considerations support a delivery requirement. First of all, a check is not an enforcible obligation prior to delivery (Bailey, Brady on Bank Checks ¶ 5.1 [6th ed]); without possession, a payee cannot acquire the status of a holder (UCC 1-201 [20]; *Papex Intl. Brokers v Chase Manhattan Bank,* 821 F2d 883, 885). "To allow a payee of a check to recover under section 3-419 as its true owner when he never had possession of the instrument would be in derogation of that requirement, and would recognize rights of the payee in the check where previously he had none apart from the underlying obligation it represented" *(Lincoln Natl. Bank & Trust Co. v Bank of Commerce,* 764 F2d 392, 398).

Second, even though the payee cannot recover from the collecting bank, he is not remediless for he has the right to sue the drawer on the obligation giving rise to the check (UCC 3-802 [1] [b]; *Lincoln Natl. Bank & Trust Co. v Bank of Commerce, supra).*

Third, generally when the payee does not receive the check, there is a greater chance that the forged endorsement was occasioned by the negligence of the drawer. This is a matter not easily litigated, assuming it can be litigated at all, in a direct action brought by the payee against the depositary bank *(Papex Intl. Brokers v Chase Manhattan Bank, supra,* at 886).

Accordingly, we hold that the named payee must receive actual or constructive delivery of the check upon which it brings suit to maintain an action under UCC 3-419, conversion of proceeds, or for money had and received, against the

depositary bank which paid the check on a forged endorsement. Given that plaintiff herein unquestionably never received delivery of the checks at issue, defendant's motion for summary judgment dismissing the complaint for failure to state a cause of action should be granted. This result is consistent with the UCC's policy of allocating liability and responsibility for losses to the party best able to prevent them *(Hartford Acc. & Indem. Co. v American Express Co.,* 74 NY2d 153, 165), and because it is the preferred view of a majority of jurisdictions which have adopted the UCC and confronted this issue *(see, e.g.,* White and Summers, Uniform Commercial Code § 15-5, at 664-665 [3d student's ed]; *see also,* Bailey, Brady on Bank Checks ¶ 27.8 [6th ed]), it furthers an intended consequence of the UCC, uniformity among the States *(see,* 1956 Report of NY Law Rev Commn, at 19).

KANE, J. P., MIKOLL, LEVINE and MERCURE, JJ., concur.

Order reversed, on the law, without costs, motion granted and complaint dismissed.