OPINION OF THE COURT
 

 Hancock, Jr., J.
 

 In the absence of actual or constructive possession of a check, does the named payee have a right of action against the depositary bank which has paid out the proceeds over a forged indorsement? This is the question presented in plaintiffs appeal from a dismissal of its action to recover the amounts of several checks drawn by taxpayers to the order of various State taxing authorities. The checks were never delivered to plaintiff; the taxpayers’ dishonest accountant misappropriated them, and deposited them in his own account at Banker’s Trust Company of Hudson Valley, N. A.
 
 [1]
 
 For reasons stated hereafter, we hold that plaintiff has no right of action and accordingly affirm the order granting summary judgment to defendant.
 

 
 *536
 
 I
 

 The case stems from the activities of Richard Caliendo, an accountant. Caliendo prepared tax returns for various clients. To satisfy their tax liability, the clients issued checks payable to various State taxing entities, and gave them to Caliendo. Between 1977 and 1979, he forged indorsements on these checks, deposited them in his own account with defendant, and subsequently withdrew the proceeds. In November 1980— shortly after the scheme was uncovered — Caliendo died when the plane he was piloting crashed. The State never received the checks. In 1983, after learning of these events, the State commenced this action seeking to recover the aggregate face amount of the checks.
 

 Supreme Court denied defendant’s motion to dismiss the complaint and its subsequent motion for summary judgment, concluding that the payee’s possession of the checks was not essential to its action against the depositary bank. On appeal, the Appellate Division reversed and dismissed the complaint. It held that requiring "delivery, either actual or constructive, [as] an indispensable prerequisite for” a conversion action under UCC 3-419 (1) (c) is consistent with the view of most authorities and supported by practical considerations
 
 (State of New York v Barclays Bank,
 
 151 AD2d 19, 21-24). We agree.
 
 [2]
 

 II
 

 It has long been held that a check has no valid inception until delivery
 
 (see, Irving Trust Co. v Leff,
 
 253 NY 359, 363;
 
 Cowing v Altman,
 
 71 NY 435, 441). Further, a payee must have actual or constructive possession of a negotiable instrument in order to attain the status of a holder
 
 (see,
 
 UCC 1-201 [20]) and to have an interest in it. These are established principles of negotiable instruments law
 
 (see, Papex Intl.
 
 
 *537
 

 Brokers v Chase Manhattan Bank,
 
 821 F2d 883, 885 [1st Cir 1987]; UCC 3-410, Official Comment 5 pertaining to subd [1] [ordinarily the obligation on an instrument is not effective until delivery]; Bailey, Brady on Bank Checks § 5.1, at 5-2 [6th ed 1988];
 
 see also,
 
 Uniform Negotiable Instruments Law § 16).
 

 Permitting a payee who has never had possession to maintain an action against the depositary bank would be inconsistent with these principles. It would have the effect of enforcing rights that do not exist. For this reason, most courts and commentators have concluded that either actual or constructive delivery to the payee is a necessary prerequisite to a conversion action under section 3-419 (1) (c)
 
 (see, Papex Intl. Brokers v Chase Manhattan Bank, supra; Lincoln Natl. Bank & Trust Co. v Bank of Commerce,
 
 764 F2d 392 [5th Cir];
 
 Winn v First Bank,
 
 581 SW2d 21 [Ky App 1978];
 
 Caviness v Andes & Roberts Bros. Constr. Co.,
 
 508 SW2d 253 [Mo App 1974]; 1 White & Summers, Uniform Commercial Code § 15-5, at 757 [Practitioner’s-3d ed 1988] ["court(s) should not recognize a conversion cause of action for one who, though a payee on a check, has never received actual or constructive possession of that check”]; Bailey, Brady on Bank Checks,
 
 op. cit.,
 
 § 27.8, at 27-23 [payee who has not received delivery of check cannot sue depositary bank for converting it because "only a person with rights in the instrument may claim conversion”]).
 

 Significant practical considerations support this conclusion. Where a payee has never possessed the check, it is more likely that the forged indorsement resulted from the drawer’s negligence, an issue which could not be readily contested in an action between the payee and the depositary bank
 
 (see, Papex Intl. Brokers v Chase Manhattan Bank, supra,
 
 at 886;
 
 Lincoln Natl. Bank & Trust Co. v Bank of Commerce, supra,
 
 at 398). Moreover, as noted by the Appellate Division, the payee is not left without a remedy, inasmuch as it can sue on the underlying obligation
 
 (see,
 
 UCC 3-802 [1] [b];
 
 Papex Intl. Brokers v Chase Manhattan Bank, supra,
 
 at 885).
 

 Henderson v Lincoln Rochester Trust Co.
 
 (303 NY 27), on which plaintiff relies, does not support its argument in this respect. There, in concluding that the payee could maintain an action either in contract or conversion, the court did not reach the issue of nondelivery of the check. Other cases cited by plaintiff are readily distinguished. They involve situations where the plaintiff, unlike the State here, had received constructive possession of the check through delivery to the
 
 *538
 
 payee’s agent, to a copayee, or to a coindorsee
 
 (see, e.g., Lund’s, Inc. v Chemical Bank,
 
 870 F2d 840 [2d Cir] [delivery to coindorsees];
 
 [3]
 

 United States v Bankers Trust Co.,
 
 17 UCC Rep Serv 136 [ED NY 1975] [delivery to copayee];
 
 Burks Drywall v Washington Bank & Trust Co.,
 
 110 Ill App 3d 569, 442 NE2d 648 [1982] [delivery to copayee or agent];
 
 Thornton & Co. v Gwinnett Bank & Trust Co.,
 
 151 Ga App 765, 260 SE2d 765 [1979] [delivery to agent]).
 

 Plaintiff maintains, however, citing language in
 
 Burks Drywall
 
 (442 NE2d,
 
 supra,
 
 at 652) and
 
 Thornton
 
 (260 SE2d,
 
 supra,
 
 at 767), that, based solely on its status as named payee and intended beneficiary of the checks, it has a sufficient interest to bring a conversion action under UCC 3-419 (1) (c) or a common-law action for money had and received. We believe such a rule would be contrary to the underlying theory of the UCC and, to the extent that the cases cited by plaintiff suggest it, we decline to follow them. Plaintiff’s contention that depositary banks could frequently avoid liability for paying over forged indorsements — if payees could not bring suit against them in the absence of delivery — is unfounded. The depositary bank could still be liable to the drawee bank (UCC 3-417 [1] [a]; 4-207 [1] [a]) and to the drawer, in certain circumstances where the forged indorsement was effective
 
 (see Underpinning & Found. Constructors v Chase Manhattan Bank,
 
 46 NY2d 459, 464-466).
 

 Nor are we persuaded by plaintiff’s suggestion that permitting a suit under UCC 3-419 (1) (c) by a payee not-in-possession would promote judicial economy and avoid circuity of action. On the contrary, relegating such a payee to a suit against the drawer on the underlying obligation would give full effect to the UCC’s loss allocation scheme by furthering the aim of placing ultimate responsibility on the party at fault through an orderly process in which each defendant in the transactional chain may interpose the defenses available to it
 
 (see, Hartford Acc. & Indem. Co. v American Express Co.,
 
 74 NY2d 153, 165;
 
 Prudential-Bache Sec. v Citibank,
 
 73 NY2d 263, 269;
 
 *539
 
 1 White & Summers,
 
 op. cit.,
 
 §§ 15-1 — 15-5, 16-7;
 
 see also, SOS Oil Corp. v Norstar Bank,
 
 76 NY2d 561,571-572 [decided today]). And requiring a payee-not-in-possession to sue the drawer on the underlying claim would actually avoid circuity of action in some instances — for example, where the drawer’s suit against the drawee bank is barred by valid defenses
 
 (see,
 
 UCC 3-406, 4-406) or where the drawer has an effective defense against the payee’s claim. This concern has particular pertinence here where — as the Appellate Division observed (151 AD2d, at 20) —it is contended that some of the checks were for inflated or nonexistent tax liabilities for which the drawers-taxpayers would have valid defenses against the State. In such cases, permitting a payee-not-in-possession to sue the depositary bank at the other end of the transactional chain would only produce unnecessary litigation. Accordingly, we agree with the Appellate Division that the rule requiring actual or constructive possession by a payee as a prerequisite for a suit against the depositary bank is preferable
 
 (see, Papex Intl. Brokers v Chase Manhattan Bank, supra; Lincoln Natl. Bank & Trust Co. v Bank of Commerce, supra)
 
 and we adopt it.
 

 Ill
 

 Plaintiff contends, nevertheless, that even if possession is a prerequisite to a cause of action by a named payee against a depositary bank, it should prevail because the drawers’ delivery of the checks to Caliendo constituted constructive delivery to the State. It is a general rule that putting a check in the hands of the drawer’s own agent for purpose of delivery to the payee does not constitute delivery to the payee
 
 (see, Papex Intl. Brokers v Chase Manhattan Bank,
 
 821 F2d, at 886,
 
 supra; Lincoln Natl. Bank & Trust Co. v Bank of Commerce,
 
 764 F2d, at 398,
 
 supra; Daggett v Simonds,
 
 173 Mass 340, 53 NE 907 [1898]); this is so because the drawer has control of the agent and the check is revocable and ineffective until the agent delivers it
 
 (see, Caviness v Andes & Roberts Bros. Constr. Co.,
 
 508 SW2d 253, 256,
 
 supra
 
 [Mo App 1974]; 11 Am Jur 2d, Bills & Notes, § 278). Here, of course, Caliendo had no agency or other relationship with the State which might have imputed his possession of the checks to it. Indeed, the State does not contend that it knew of Caliendo’s dealings with the drawers or even of the checks’ existence. Thus, applying these general rules, the State’s claim must fail.
 

 Wolfin v Security Bank
 
 (170 App Div 519,
 
 affd
 
 218 NY 709),
 
 *540
 
 relied on by plaintiff, is not to the contrary. There, the drawer of the check gave it to the named payee with instructions that it be indorsed and delivered to plaintiff. Unlike the case at bar —where the checks were never delivered to the payee but remained in the hands of the drawers’ accountant and agent— in
 
 Wolfin
 
 the drawer retained no control after the check was delivered to the named payee as a fully negotiable instrument
 
 (Wolfin v Security Bank,
 
 170 App Div, at 521,
 
 supra;
 
 UCC 1-201 [14], [20]; 3-102 [1] [a]).
 
 [4]
 

 Finally, contrary to plaintiff’s contentions, it cannot recover under a theory of unjust enrichment or quasi contract. It is true that, in creating a statutory right to bring a conversion action for payment over a forged indorsement
 
 (see,
 
 UCC 3-419 [1] [c]) at the time of the Uniform Commercial Code’s enactment, the Legislature did not intend to abrogate the payee’s pre-Code common-law rights to sue in assumpsit, for money had and received or unjust enrichment
 
 (see, Hechter v New York Life Ins. Co.,
 
 46 NY2d 34, 37-39;
 
 and see,
 
 Restatement of Restitution, Introductory Note, at 5-9). This does not help plaintiff, however.
 

 The theory of an action in quasi contract "rests upon the equitable principle that a person shall not be
 
 allowed to enrich himself unjustly at the expense of another.
 
 * * * It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it”
 
 (Miller v Schloss,
 
 218 NY 400, 407 [emphasis added];
 
 see,
 
 Restatement of Restitution § 1, at 12-15). The general rule is that "the plaintiff
 
 must have suffered a loss
 
 and an action not based upon loss is not restitutionary” (Restatement of Restitution § 128, comment f, at 531 [emphasis added]). On this point, plaintiff’s action in quasi contract, like its action for conversion under UCC 3-419 (1) (c), must fail. The checks were never actually or constructively delivered to plaintiff. It, therefore, never acquired a
 
 *541
 
 property interest in them and cannot be said to have suffered a loss.
 
 [5]
 

 The order of the Appellate Division should, accordingly, be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Defendant Barclays Bank of New York, N. A. is a successor to Bankers Trust Company. Henceforth, "defendant” will refer to Barclays and Bankers Trust as one entity.
 

 [2]
 

 . Plaintiffs complaint is framed as one for money had and received. Supreme Court in denying defendant’s dismissal motion under CPLR 3211 (a) (7), however, treated the action as one in contract, alone, or in both contract and conversion. Although, in its brief, plaintiff now appears to view the action primarily as one for money had and received or quasi contract, it cites cases and authorities pertaining to a conversion action under UCC 3-419 (1) (c), and the Appellate Division apparently viewed it as such. For purposes of resolving the legal question before us — the effect of lack of delivery of the checks — it makes no difference whether plaintiffs action is under UCC 3-419 (1) (c) or under some common-law theory. The result is the same
 
 (see,
 
 part III,
 
 infra).
 
 We accordingly discuss the authorities as being applicable to both the statutory and common-law theories.
 

 [3]
 

 .
 
 Lund’s
 
 involved three checks, two of which were indorsed and delivered to coindorsees of plaintiff, thus, giving plaintiff sufficient possession to maintain a conversion action with respect to those checks under UCC 3-419 (1) (c). A third check indorsed solely to Lund’s, Inc. was determined on remand not to have been constructively delivered to plaintiff Lund. As to that check, the action was dismissed in reliance upon the Appellate Division’s decision in this case
 
 (see, Lund v Chemical Bank,
 
 1990 WL 17711 [SD NY]).
 

 [4]
 

 . The only other cases cited by plaintiff are distinguishable or do not support its contention:
 
 Charmglow Prods. v Mitchell St. State Bank
 
 (687 F Supp 448 [ED Wis 1988] [checks given to a nonagent third party either in its capacity as sole payee with intended delivery to plaintiff or as plaintiff’s copayee ruled as constructive delivery to plaintiff]) and
 
 Matter of Estate of Balkus v Security First Natl. Bank
 
 (128 Wis 2d 246, 381 NW2d 593 [1985] [notes found among the possessions of their maker after his death — but never delivered to payee or to an independent third
 
 party
 
 — held
 
 not to have been constructively delivered to payee]).
 

 [5]
 

 .
 
 Allen v Mendelsohn & Son
 
 (207 Ala 527, 93 So 416 [1922]), relied on by plaintiff, is not in point. The suit was not against the depositary bank. Rather, the case involved a dispute over the proceeds of a stolen check between the named payee and the defendants who held the proceeds which had been paid to them over a forged indorsement. In holding that, as between the parties, the plaintiffs’ rights were superior, the court noted that the forged indorsement passed no title to defendants and that they had no property interest in the check or its proceeds.