■ YU MEI LIN et al., Respondents, v MANUFACTURERS HANOVER TRUST COMPANY, Appellant.—Mercure, J. Appeals (1) from an order of the Supreme Court (Tait, Jr., J.), entered August 17, 1989 in Madison County, which granted plaintiffs' motion for summary judgment in lieu of complaint, and (2) from the judgment entered thereon.

Plaintiffs moved for summary judgment pursuant to CPLR 3213 to recover the face amount of a check certified by defendant. The motion was supported only by an attorney's affidavit and an unverified complaint which, together with the papers presented in opposition to the motion, provide the following factual background. On January 9, 1989, Sare Wah Lee drew check No. 216 on her account with defendant, payable to the order of plaintiffs in the face amount of $47,000. On the same day, Lee obtained defendant's certification of the check. The check was redeposited to the credit of Lee's account with defendant on January 11, 1989, paid by defendant on January 17, 1989 and thereafter returned to Lee with her periodic statement of account. On January 24, 1989, the check, showing defendant's endorsement "pay any bank, banker, or trust company", was allegedly delivered to plaintiffs as part payment for a parcel of real property. Plaintiffs presented the check to defendant and payment was refused upon the ground that the check had already been paid.

Supreme Court granted plaintiffs' motion upon the ground that, by certifying the check, defendant unconditionally obligated itself to pay the face amount to plaintiffs, as payees, defendant's prior payment of the check to the credit of Lee's account notwithstanding. Defendant appeals the order granting plaintiffs' motion and the judgment entered thereon.

We reverse. Initially, we agree with defendant's contention that, by presenting no competent proof other than the certified check itself, plaintiffs failed to meet their burden of coming forward with prima facie evidence of entitlement to judgment as a matter of law. Clearly, "a check is not an enforcible obligation prior to delivery" (State of New York v Barclays Bank, 151 AD2d 19, 23, affd 76 NY2d 533). Contrary to Supreme Court's determination, a drawer who has obtained certification of a check may, prior to delivery of the check, surrender it to the drawee bank and have his account credited with the amount thereof, for the certification made at the request of a drawer does not become effective until the check is issued and delivered to the payee (UCC 3-411 [1]; 3-410 [1]; see, Matter of Williamson, 264 App Div 615, 616; Anglo-South Am. Bank v National City Bank, 161 App Div 268, 274, affd 217 NY 726). Moreover, there is a factual issue as to whether defendant's restrictive endorsement was apparent on the check at the time of its delivery to plaintiffs, thereby rendering it nonnegotiable and preventing plaintiffs from becoming holders (see, UCC 3-205 [c]; 3-206 [3]; 3-202 [1]), or whether the other markings on the check placed plaintiffs on notice of its

prior payment and prevented them from attaining the status of holders in due course *(see,* UCC 3-302 [1] [c]; 3-304 [1] [a]; 3-305, 3-306; *Key Bank v Strober Bros.,* 136 AD2d 604, 607).

The existence of factual issues, including those previously stated, precluded a grant of summary judgment in favor of plaintiffs. Accordingly, Supreme Court should have denied the motion.

Order and judgment reversed, on the law, without costs, and motion denied. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.