■ Spa Realty Associates, Respondent, v Springs Associates et al., Defendants, and City of Saratoga Springs, Appellant. [623 NYS2d 22] —Spain, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 4, 1994 in Saratoga County, which denied a motion by defendant City of Saratoga Springs to dismiss the complaint against it on various grounds.

Plaintiff brought an action for injunctive relief and damages against defendants Springs Associates, a partnership, the owners of adjoining land (hereinafter collectively referred to as the Springs defendants), and defendant City of Saratoga Springs. This action is based on an alleged trespass committed on plaintiff's land that occurred when the Springs defendants laid sewer pipes and constructed a pumping station on plaintiff's property without its permission. The City is named as a defendant based upon plaintiff's allegations that the City aided and abetted the trespass through its Planning Board and Building Inspector, who continued to issue certificates of occupancy after being put on notice of the illegal nature of the sewer system.

In 1988, plaintiff moved for partial summary judgment seeking an order directing the Springs defendants to remove the pumping station from plaintiff's property. The Springs defendants moved for summary judgment on the merits under CPLR 3212. The City cross-moved to dismiss the complaint pursuant to CPLR 3211 and adopted the Springs defendants' motion for summary judgment. Supreme Court (Simone, Jr., J.) granted plaintiff's motion for injunctive relief and denied the other motions before it. The Springs defendants' appeal was ultimately dismissed due to failure to perfect the appeal.

Three years later, after some litigation on discovery issues, the City again moved for dismissal of the claim against it under CPLR 3211 or, in the alternative, for leave to renew or to reargue pursuant to CPLR 2221.[1] Supreme Court denied this motion, ruling that a previous motion on the same grounds had already been denied by Supreme Court.[2] It determined that res judicata precluded it from hearing the same issues again and implied, in its decision, that had the City not made the prior motion, the court would have looked favorably upon the motion. This appeal by the City ensued.

Plaintiff asserts that the City failed to submit a proper record on appeal in that it failed to include a complete record of the previous motion which the motion in issue seeks to reargue or renew. However, the pleadings submitted and the procedural history contained in the pleadings provided Su-

1. In its moving papers the City specifically states as follows: "To the extent that some of the grounds raised for dismissal were raised in a prior summary judgment motion, this motion may also be considered an application for renewal and/or reargument pursuant to CPLR § 2221."

2. It should be noted that at least three Supreme Court Justices have heard various parts of this case due to the longevity of the case and transitions on the Bench.

preme Court with sufficient information to support its conclusion that the motion was duplicative, especially where its ruling was on procedural grounds alone. The record on appeal contains everything submitted to Supreme Court; therefore the record is deemed sufficient.

The City contends that Supreme Court erred in concluding that the doctrine of res judicata precluded it from rehearing the merits of the motion. Despite its reference to res judicata, it appears that Supreme Court applied the related doctrine of the law of the case and correctly concluded that it was barred from reconsidering the prior motion.

The principle of the law of the case is similar to res judicata in that it concerns the review of decided issues. It is based on judicial economy and provides for consistency, especially where several different Judges hear parts of the same case (see, Siegel, NY Prac § 448, at 679-681 [2d ed]). The initial decision by Supreme Court (Simone, Jr., J.) denied the City's cross motion for summary judgment on the merits. Supreme Court could not, on this motion, reconsider the decision on the prior motion because its initial order became the law of the case. The City could have but chose not to appeal (see, Tenzer, Greenblatt, Fallon & Kaplan v Capri Jewelry, 128 AD2d 467; Klimek v County of Columbia, 102 AD2d 930; cf., State of New York v Barclays Bank, 151 AD2d 19, affd 76 NY2d 533). Additionally, CPLR 3211 limits a party to one motion to dismiss. This dismissal motion is the second one made under CPLR 3211 and, as such, that part of the motion was correctly denied without consideration of the merits.

It is clear that the City's motion does not qualify as a motion to reargue. Nowhere in the City's motion or supporting papers are there any claims that Supreme Court overlooked any significant facts or misapplied the law in its original decision, essential to a motion for reargument (see, 300 W. Realty Co. v City of New York, 99 AD2d 708, 709; Foley v Roche, 68 AD2d 558, 567-568). Furthermore, "[n]o appeal lies from the denial of a motion to reargue" (Catalogue Serv. v Insurance Co., 90 AD2d 838).

It is equally clear that this motion is not a proper motion for renewal. A motion to renew must be based upon newly discovered evidence that was not available when the original motion was made (see, CPLR 2221). Such a motion must also contain the reasons the evidence was not initially presented, the material nature of the new facts and that they could not have been discovered at the prior proceeding (see, Matter of Barnes v State of New York, 159 AD2d 753, 753-754, lv

*dismissed* 76 NY2d 935; *Foley v Roche, supra,* at 568; *Mully v Drayn,* 51 AD2d 660). These components are noticeably absent from the City's motion.

The City's reliance on a decision of Supreme Court (Brown, J.) finding that the City was not the proper party to produce some discovery material is unavailing, as those findings were limited to a motion to compel discovery; they contain dictum and do not constitute new evidence. The only other new fact introduced by the City is that the pumping station has been removed pursuant to a ruling by Supreme Court. This is hardly newly discovered evidence. Indeed, the City concedes that "[t]his motion is addressed to legal issues, not factual issues". Since there was no clear proof of material newly discovered facts that could not have been discovered earlier, the motion was properly denied *(see, Levitt v County of Suffolk,* 166 AD2d 421, 422-423, *lv dismissed* 77 NY2d 834).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

