■ GALLERY GARAGE MANAGEMENT CORP., Appellant-Respondent, v CHEMICAL BANK, Respondent-Appellant and Third-Party Plaintiff. QUIK PARK, INC., Third-Party Defendant-Respondent. [642 NYS2d 217] —Order, Supreme Court, New York County (Walter Schackman, J.), entered January 30, 1995, denying plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment, unanimously modified, on the law, to the extent of granting defendant Chemical Bank's cross-motion for summary judgment and dismissing the complaint, and otherwise affirmed, with costs. Defendant Chemical Bank is to continue holding the amount in dispute in an interest-bearing escrow account until the resolution of the companion action, Index No. 7812/92, which is before the same court. The Clerk is directed to enter judgment in favor of defendant Chemical Bank dismissing the complaint, with costs.

Plaintiff's motion for summary judgment was correctly denied on the grounds that the check in dispute represented one of many assets at issue in the companion action concerning the dissolution of the parent corporation of plaintiff and third-party defendant Quik Park. That action preceded the instant one and was pending before the same court. Plaintiff's production of a resolution concerning the ownership of the policy on which the check was issued was insufficient for summary judgment purposes, where it was undisputed that a comprehensive dissolution and distribution agreement existed but was never produced.

However, defendant Chemical Bank's cross-motion for summary judgment to dismiss the complaint should have been granted because plaintiff did not have standing to sue the bank for the proceeds of the check. Pursuant to *State of New York v Barclays Bank* (76 NY2d 533), a named payee must have had actual or constructive possession in order to sue a depositary bank on an instrument that the payee claims was paid over a forged indorsement. By its own admission, plaintiff never had such possession and therefore never attained the status of a true owner or holder of the instrument.

Contrary to plaintiff's assertion, the fact that the depositary bank happens to retain the proceeds in question is irrelevant to the threshold determination of standing. While it is true that the depositary bank in *Barclays* had "paid out the proceeds" (76 NY2d, *supra,* at 535), the ultimate situs of the funds plays no role in the court's analysis of who is a true owner or holder with standing to sue. Similarly, the language in UCC 3-419 cited by plaintiff does not change the result in

this case. While subdivision (3) does refer to proceeds that remain in the possession of a depositary or collecting bank, it also speaks of such bank's liability to "the true owner," a status which, as demonstrated above, plaintiff never achieved. Accordingly, the complaint should be dismissed and Chemical Bank directed to maintain the proceeds in the interest-bearing escrow account until resolution of the companion matter. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.