■ In the Matter of the Estate of JOHN P. SAXTON, Deceased. MANUFACTURERS AND TRADERS TRUST COMPANY, as Trustee of the Trust Created by the Last Will of JOHN P. SAXTON, Deceased, Appellant; MARY R. CRITTENDEN et al., Respondents. [665 NYS2d 742] —Peters, J. Appeals (1) from that part of an order of the Surrogate's Court of Broome County (Thomas, S.), entered April 17, 1996, which denied petitioner's motion to compel discovery, (2) from an order of said court, entered

December 16, 1996, which denied petitioner's motion for reconsideration, and (3) from an order of said court, entered December 16, 1996, which denied petitioner's motion to compel compliance with a subpoena duces tecum.

The facts underlying these appeals have been previously reviewed by us (219 AD2d 85). While we addressed six orders of the Surrogate's Court therein, the orders dated March 9, 1995 and March 10, 1995 pertaining to discovery are relevant to this appeal. In those orders, Surrogate's Court found attorney-client relationships between the remaindermen of the trust and both John Crittenden and the law firm of Hinman, Howard & Kattell (hereinafter HH&K). The court also held that notwithstanding these relationships, noticed partners in HH&K would be required to submit to an examination before trial but could assert the attorney-client privilege when necessary. Pursuant thereto, various determinations were thereafter rendered as to the documents in issue.

In March 1996, we affirmed, *inter alia*, those portions of the court's order addressing these issues and held that there was no waiver of the attorney-client privilege by virtue of the objections raised (*id.*, at 92). Yet, prior to our decision being rendered, petitioner moved to compel the remaindermen to provide deposition testimony, proper responses to document requests and interrogatories and to compel Eugene Peckham, a partner in HH&K, to provide deposition testimony and produce certain documents. Surrogate's Court, after having reviewed our affirmance on appeal, rendered a decision in open court, later reduced to an order on April 17, 1996, concerning various disclosure issues premised upon the existence of the attorney-client relationships between the remaindermen and HH&K and between the remaindermen and John Crittenden.[1]

On November 15, 1996, petitioner moved for reconsideration of the April 17, 1996 decision. The motion was denied as was petitioner's request, in a separate order, to have Peckham appear for the continuation of his deposition. Petitioner now appeals from all three orders.

As the proponent of a motion to renew, petitioner must show the existence of newly discovered evidence that was previously unavailable; reasons must be specified as to why such evidence was not previously presented, its material nature and that it could not have been discovered at the time of the original motion (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783).

---

1. It further directed Peckham to provide certain requested documents and answer certain questions, but indicated that he could avoid disclosure, where appropriate, by asserting the attorney-client privilege.

Petitioner contends that information revealed during John Crittenden's April 17, 1996 deposition, as well as that revealed during Anna Marie Strobel's[2] June 6, 1996 deposition, supports its contention that the remaindermen could not have had an attorney-client relationship with either John Crittenden or HH&K. Upon our review of this "newly discovered evidence", tempered by the affidavit in opposition by respondent Mary Rita Crittenden, we conclude that such "newly discovered evidence" does not constitute material facts or evidence which, had it been presented earlier, would have changed the outcome rendered. Accordingly, the motion for reconsideration was properly denied.

As to the earlier order pertaining to issues of discovery, reviewed and affirmed by us on appeal (see, Matter of Saxton, 219 AD2d 85, supra), we find no basis to disturb the determination rendered (see, Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371; Manufacturers & Traders Trust Co. v Servotronics, Inc., 132 AD2d 392) as a proper exercise of the Court's discretion (see, Hirschfeld v Hirschfeld, 69 NY2d 842, 844).

With respect to the remaining issues raised, we have reviewed them and found them to be without merit.

We accordingly affirm the April 17, 1996 order, dismiss the appeal from the order denying reconsideration and affirm the order entered December 16, 1996 denying petitioner's motion to compel compliance with a subpoena duces tecum.

Mercure, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the orders entered April 17, 1996 and December 16, 1996 (denying petitioner's motion to compel compliance with a subpoena duces tecum) are affirmed, without costs. Ordered that the appeal from the order entered December 16, 1996 (denying petitioner's motion for reconsideration) is dismissed, without costs.

---

2. Strobel is Anna E. Saxton's daughter and a contingent remainderman.