■ DELIGHT BVUNZAWABAYA, Appellant, v JP MORGAN CHASE & Co. et al., Respondents. [54 NYS3d 276]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered January 22, 2015, which granted defendants' motion to dismiss the complaint for lack of standing and for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff asserts that he and a friend went together to Chase Bank, his friend's bank, because he wanted to cash a check from his employer, and he had no identification due to his immigration status. The two signed their names in front of the teller, before sliding it under the teller window, with a deposit slip that instructed to clear the funds into the friend's account. Chase, however, rejected the deposit, closed the friend's account, and did not issue a replacement check until several months later.

When plaintiff endorsed and delivered the check to his friend, the friend became the holder of the check (UCC 3-202 [1]). Thus, only the friend was entitled to negotiate the check or to "enforce payment in [her] own name" (UCC 3-301). Plaintiff's arguments in support of his contention that he, as payee of the check, is entitled to enforce its return or payment are unavailing. Plaintiff lacks standing to sue the bank for the return or

proceeds of the check, because he is no longer the holder of the check (*see Gallery Garage Mgt. Corp. v Chemical Bank*, 226 AD2d 305, 305 [1st Dept 1996]).

Plaintiff has abandoned his claims against the individual defendants (*see Derico v City of New York*, 66 AD2d 740, 740 [1st Dept 1978]). Concur—Acosta, P.J., Richter, Feinman, Webber and Kahn, JJ.