■ HOLLAND AMERICA CRUISES, N. V., Appellant, v CARVER FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered September 29, 1976, denying plaintiff's motion for summary judgment, and granting defendant Carver Federal Savings and Loan Association's motion for leave to serve an amended answer, is unanimously modified, on the law, so as to strike the first affirmative defense in said proposed amended answer, and otherwise affirmed, without costs and without disbursements. The question whether defendant Carver acted "in accordance with the reasonable commercial standards applicable to the business" of such defendant (Uniform Commercial Code, § 3-419, subd [3]) presents a question of fact which precludes summary judgment. In our view, the first affirmative defense is so palpably invalid that leave to assert it by amended answer should not have been granted. We do not at this juncture pass on the validity of the other affirmative defenses in the proposed amended answer. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.

■ STEFAN PAPESKOV, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Petition granted to the following extent: the determination of the State Human Rights Appeal Board and the order of the State Division of Human Rights are both unanimously annulled, on the law, without costs and without disbursements, and the matter remanded to the State Division of Human Rights for a proper investigative conference and for further proceedings not inconsistent with the determination of this court. In this proceeding brought pursuant to section 298 of the Executive Law, petitioner seeks to annul an order of the State Human Rights Appeal Board which affirmed an order of the State Division of Human Rights dismissing his complaint for lack of jurisdiction. Petitioner, formerly employed as a cook at the Ruc Restaurant, filed a complaint with the State Division of Human Rights alleging discrimination in that he was denied equal terms, conditions and privileges of employment and was terminated because of his national origin, which is Bulgarian. An investigator for the Division of Human Rights contacted the employer and was told that petitioner had left the job of his own volition and had no difficulty relating to his peers. No investigatory conference was held, nor was any evidence taken other than this abbreviated and one-sided investigation. On this basis the investigator's recommendation that the case be closed for lack of jurisdiction was adopted, the determination and order after investigation stating, *inter alia,* "The investigation did not reveal that the complainant's birthplace was a factor in his employment termination." It is clear that the dismissal of the complaint was based upon a record which did not afford a reasonable basis for an administrative determination and under such circumstances the matter should be remanded to the State Division of Human Rights to afford a proper basis for an informed determination as to the merits of the complaint *(Tenenbaum v State Div. of Human Rights,* 50 AD2d 257). Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.