■ PAUL G. JONES, Appellant, v COMMUNITY BANK OF SULLIVAN COUNTY, Respondent, et al., Defendants. [762 NYS2d 133] —Rose, J. Appeal from a judgment and order of the Supreme Court (Kane, J.), entered August 5, 2002 in Sullivan County, which granted a motion by defendant Community Bank of Sullivan County for summary judgment dismissing the complaint against it.

Plaintiff, a physician, commenced this action alleging conversion and negligence to recover funds in excess of $250,000 that were stolen over a period of three years by defendants Antoinette Cuomo and Thomas Cuomo.* Antoinette Cuomo, plaintiff's former medical office manager, embezzled the funds by forging plaintiff's signature on a large number of checks payable on his business accounts receivable and depositing them in the Cuomos' personal bank accounts at defendant Community Bank of Sullivan County (hereinafter defendant). Eight months after issue was joined, defendant moved for summary judgment dismissing the complaint on the grounds that as to at least some of the fraudulent checks, the applicable three-year statute of limitations expired before commencement of

---

* The Cuomos ultimately pleaded guilty to the felony crimes of grand larceny, forgery and falsifying business records in connection with the thefts.

this action, and that defendant could not be held liable for any of plaintiff's losses because it had acted in good faith and in accordance with reasonable commercial standards, a defense to liability afforded by UCC 3-419 (3). Supreme Court granted defendant's motion, prompting plaintiff's appeal.

We note initially that, as defendant points out, plaintiff refers to some facts that are not in the record. While our review will be limited to allegations contained in the record (*see Gagen v Kipany Prods.,* 289 AD2d 844, 845 [2001]), we also note that defendant overstates the significance of plaintiff's references. For example, while the record does not indicate exactly the number of checks deposited into the Cuomos' accounts, the record does support the inference that hundreds of checks were involved, and it appears that copies of all checks were provided to defendant.

Turning to the merits, we agree with Supreme Court that the three-year statute of limitations for conversion is applicable here (*see* CPLR 214 [3]; *Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.,* 87 NY2d 36, 44 [1995]). However, since plaintiff submitted evidence that many of the checks were deposited within three years of this action's commencement, Supreme Court did not dismiss the entire complaint as time barred.

We also agree with Supreme Court's conclusion that plaintiff failed to raise an issue of fact as to whether or not defendant's employees acted in good faith in accepting the checks offered for deposit by the Cuomos. The record is devoid of any evidence that defendant failed to act with "honesty in fact in the conduct or transaction concerned" (UCC 1-201 [19]; *see Lawyers' Fund for Client Protection of State of N.Y. v Gateway State Bank,* 273 AD2d 565, 567 [2000]). Nor are we persuaded that defendant's summary judgment motion was premature. Although plaintiff contends that he should have had an opportunity to question defendant's employees in order to confirm or dispute defendant's claim that there was no dishonesty on their part, the mere hope that disclosure will provide evidence material to a cause of action is insufficient (*see Matter of Dietrich,* 271 AD2d 894, 895 [2000]).

We do, however, find merit in plaintiff's argument that Supreme Court erred in concluding, as a matter of law, that defendant and its employees acted in accordance with reasonable commercial standards in accepting the checks offered for deposit by the Cuomos. Whether a bank acts in accordance with reasonable commercial standards generally presents a question of fact (*see Holland Am. Cruises, N.V. v Carver Fed.*

*Sav. & Loan Assn.*, 60 AD2d 545, 545 [1977]). Here, the affidavit of Richard Dulay, defendant's executive vice-president, opines that defendant complied with reasonable commercial standards because the checks bore apparently valid handwritten indorsements by plaintiff in blank and stamped restrictive indorsements of the Cuomos, and plaintiff had no account or signature card with defendant which would have permitted a comparison of signatures. This was sufficient to meet defendant's initial burden of establishing its affirmative defense under UCC 3-419 (3), and shifted the burden to plaintiff to raise an issue of fact. This plaintiff did through the affidavit of Matthew Roth, an expert in banking practices, which asserted that defendant's failure to confirm the validity of plaintiff's indorsements or make further inquiry constituted a departure from reasonable commercial standards. Specifically, Roth opined that defendant's duty in this regard arose because a large number of checks were being deposited over a comparatively short period of time into accounts owned by someone other than the payee, the checks were drawn by business entities and made payable to plaintiff in his professional capacity, and there was no indication that the Cuomos had authority to deposit the checks on behalf of plaintiff. Roth also opined that defendant violated its own rules regarding such deposits (*see Heffernan v Norstar Bank of Upstate N.Y.*, 125 AD2d 887, 888-889 [1986]).

Accordingly, we conclude that plaintiff's expert evidence is sufficient to raise an issue of fact as to what commercial standards defendant was obligated to meet in the circumstances presented here, and, thus, summary judgment should not have been granted as to the checks deposited with defendant within three years of commencement of plaintiff's action.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment and order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Community Bank of Sullivan County dismissing plaintiff's claim with regard to checks deposited within three years of the commencement of this action; motion denied to that extent; and, as so modified, affirmed.