■ Francis Coyote Shivers, Respondent, v Citibank, N.A., Appellant. (And a Third-Party Action.) [783 NYS2d 818]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered November 17, 2003, which, to the extent appealed from, denied defendant's motion to dismiss the cause of action for conversion of funds, unanimously affirmed, without costs.

This action stems from the deposit into a joint bank account of a number of checks containing allegedly forged endorsements. Whether a bank acted in a commercially reasonable manner with respect to accepting for deposit an instrument from someone who was not the true owner (UCC 3-419 [3]) is generally a question of fact (*Holland Am. Cruises v Carver Fed. Sav. & Loan Assn.*, 60 AD2d 545 [1977]). Having failed to submit any evidence that its acceptance of these checks comported with reasonable commercial standards under the circumstances, defendant was not entitled to judgment as a matter of law. Concur—Mazzarelli, J.P., Ellerin, Lerner and Sweeny, JJ.

■ In the Matter of The Dwight School Neighbors et al., Appellants, v New York City Board of Standards and Appeals, Respondent, and The Dwight School, Intervenor-Respondent. [783 NYS2d 817]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered April 22, 2004, which denied the petition brought pursuant to CPLR article 78 seeking to annul a determination of respondent Board of Standards and Appeals which granted a variance to intervenor-respondent The Dwight School and dismissed the proceeding, unanimously affirmed, with costs against petitioners in favor of intervenor-respondent.

Since the record discloses that the challenged determination of respondent agency to grant a variance had a rational basis and is supported by substantial evidence, the determination may not be disturbed (*see Matter of Cowan v Kern*, 41 NY2d 591, 598 [1977]). Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.