■ B.D.G.S., INC., Respondent-Appellant, v ANTHONY BALIO et al., Defendants, and SAVINGS BANK OF UTICA, Appellant-Respondent. [784 NYS2d 806]—

Appeal and cross appeal from an order of the Supreme Court, Oneida County (John G. Ringrose, J.), entered January 8, 2004. The order denied plaintiff's motion for partial summary judgment against defendant Savings Bank of Utica and denied the cross motion of defendant Savings Bank of Utica for summary judgment dismissing the amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion seeking partial summary judgment with respect to the liability of defendant Savings Bank of Utica (SBU) for conversion and monies had and received, and properly denied the cross motion of SBU seeking summary judgment dismissing the amended complaint against it. It is undisputed that defendants Anthony Balio and Peter A. Duniec indorsed 17 checks made payable to plaintiff, directing that the checks be deposited into the SBU account of defendant Beechgrove Warehouse Corp. We agree with the court that there are issues of fact whether the restrictive indorsements were authorized by plaintiff's agent, as SBU alleges, or were forged, as plaintiff alleges. Thus, plaintiff failed to establish its entitlement to partial summary judgment with respect to SBU's liability for conversion or for monies had and received (*see generally* UCC 3-419 [1] [c]; [3]; *Hechter v New York Life Ins. Co.,* 46 NY2d 34, 38-39 [1978]).

With respect to its cross motion, SBU contends that, regardless of whether the restrictive indorsements were forged, it is not liable to plaintiff because it established that it acted in accordance with reasonable commercial standards by complying with the instructions of the restrictive indorsements, as required by UCC 3-206 (*see* 3-419 [3]). We conclude that SBU thereby established its entitlement to judgment as a matter of law (*see Spielman v Manufacturers Hanover Trust Co.,* 60 NY2d 221, 227 [1983]; *cf. Underpinning & Found. Constructors v Chase Manhattan Bank,* 46 NY2d 459, 468 [1979]). Nevertheless, we further conclude that plaintiff raised an issue of fact sufficient to defeat the cross motion by submitting, inter alia, the affidavit of an expert stating that SBU violated both its own written policy and reasonable commercial banking practices and standards by depositing business checks into accounts other than the accounts of the payees (*see* UCC 3-419 [3]; *Jones v Community Bank of Sullivan County,* 306 AD2d 679, 680-681 [2003]; *cf. Tette v Marine Midland Bank,* 78 AD2d 383, 385 [1981], *appeal dismissed* 54 NY2d 681 [1981]). Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.