■ B.D.G.S., Inc., Respondent, v Anthony Balio et al., Defendants, and Savings Bank of Utica, Appellant. [811 NYS2d 504]—

Appeal from a judgment of the Supreme Court, Oneida County (John G. Ringrose, A.J.), entered March 22, 2005. The judgment, entered upon a jury verdict, among other things, awarded plaintiff the sum of $1,152,933.83 against defendant Savings Bank of Utica.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: On appeal from a judgment entered upon a jury verdict in favor of plaintiff, Savings Bank of Utica (defendant) contends that Supreme Court erred in denying that part of its posttrial motion to set aside the jury verdict and seeking judgment in its favor notwithstanding the verdict or, alternatively, a new trial. Pursuant to the judgment, defendant is liable to plaintiff for a sum in excess of $1 million, based on a series of checks made payable to plaintiff that defendant accepted for deposit into the account of another business. We affirm.

Contrary to the contention of defendant, UCC 3-419 does not entitle it to judgment as a matter of law. Pursuant to UCC 3-419 (3), "[s]ubject to the provisions of this Act concerning restrictive indorsements a representative, including a depositary or collecting bank, who has in good faith and in accordance with

the reasonable commercial standards applicable to the business of such representative dealt with an instrument or its proceeds on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands." Conversely, "where the depositary bank has been negligent in dealing with a check, it is liable for any damage to the true owner even if the check proceeds *no longer* remain in its hands" (*Alumax Aluminum Corp. v Norstar Bank*, 168 AD2d 163, 165 [1991]). Whether a bank acted in a commercially reasonable manner in accepting for deposit a check held by one who is not the true owner is generally an issue of fact (*see Shivers v Citibank, N.A.*, 12 AD3d 248 [2004]). Here, the jury's determination that defendant did not act in accordance with commercially reasonable standards in depositing the checks at issue is supported by legally sufficient evidence and is not against the weight of the evidence, and thus defendant was not entitled to judgment notwithstanding the verdict or a new trial (*see generally Levin v Carbone*, 277 AD2d 951 [2000]; *Nicastro v Park*, 113 AD2d 129, 134-135 [1985]).

We reject defendant's further contention that the court abused its discretion in precluding defendant's expert from testifying at trial. The determination whether to permit expert testimony "is a mixed question of law and fact addressed primarily to the discretion of the trial court" (*Selkowitz v County of Nassau*, 45 NY2d 97, 101-102 [1978]), and "[t]he guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (*De Long v County of Erie*, 60 NY2d 296, 307 [1983]). Here, defendant failed to establish that the proposed testimony would clarify an issue involving professional or technical knowledge beyond the ken of the typical juror (*see GMAC Commercial Credit v Mitchell-B.J. Ltd.*, 272 AD2d 51 [2000]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.