■ PAULA J. CURTIN, Individually and as Personal Representative of the Estate of THOMAS A. CURTIN, Deceased, Respondent, v J.B. HUNT TRANSPORT, INC., et al., Appellants. (Appeal No. 1.) [913 NYS2d 611]—Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered August 5, 2009 in a wrongful death action. The order, among other things, denied defendants' cross motion to exclude from evidence the report and testimony of plaintiff's economic expert.

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered November 19, 2009 in a wrongful death action. The order, upon consideration of the merits of defendants' motion for leave to renew and reargue their cross motion to exclude from evidence the report and testimony of plaintiff's economic expert, adhered to the court's prior decision.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying plaintiff's motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and as personal representative of her husband's estate, alleging that decedent was killed when the pick-up truck that he was operating collided with a truck owned by defendant J.B. Hunt Transport, Inc. and negligently operated by defendant John R. MacGregor. Plaintiff is seeking, inter alia, damages for loss of inheritance with respect to the future value of decedent's interest in the family dairy business. We agree with defendants that Supreme Court erred in granting plaintiff's motion seeking to preclude the cross-purchase redemption and restrictive sale agreement (agreement) from being admitted in evidence at trial, and we therefore modify the order accordingly. The agreement addresses, inter alia, the monetary distribution that would be made to the heirs of one of the owners of the family-owned business in the event of his death. In granting plaintiff's motion, the court determined that the agreement was not relevant to plaintiff's loss of inheritance claim and that the prejudicial effect of the agreement would outweigh any probative value. Although the agreement is not dispositive of the issue of plaintiff's loss of inheritance claim, we nevertheless conclude that it constitutes relevant and probative evidence of the value of that claim, given that the agreement expressly addresses the amount of money that the owner's heirs would receive in the event of the owner's death. " 'Evidence is relevant if it has any tendency in reason to prove the existence of any material fact[,] i.e., [if] it makes determination of the action more probable or less probable than it would be without the evidence' " (Prince, Richardson on Evidence § 4-101, at 136 [Farrell 11th ed]). The fact that the agreement contains references to life insurance does not, standing alone, constitute a basis for excluding the agreement.

To the extent that references to life insurance in the agreement may be deemed prejudicial to plaintiff, such prejudice may be mitigated if not eliminated by limiting instructions to the jury or by redacting such references from the agreement.

With respect to defendants' remaining contention, however, we agree with plaintiff that the court properly denied defendants' cross motion seeking to preclude plaintiff's economic expert from testifying at trial. "The determination whether to permit expert testimony 'is a mixed question of law and fact addressed primarily to the discretion of the trial court' " (*Kettles v City of Rochester*, 21 AD3d 1424, 1426 [2005], quoting *Selkowitz v County of Nassau*, 45 NY2d 97, 101-102 [1978]), and the court's determination should not be disturbed absent an abuse of discretion (*see generally B.D.G.S., Inc. v Balio*, 26 AD3d 730, 731 [2006], *affd* 8 NY3d 106 [2006]; *Tojek v Root*, 34 AD3d 1210, 1211 [2006]). Here, defendants failed to meet their burden of establishing that the court abused its discretion in refusing to preclude plaintiff's economic expert from testifying at trial, inasmuch as defendants' objections go to the weight of the testimony, not its admissibility (*see generally Parker v Mobil Oil Corp.*, 7 NY3d 434, 446-447 [2006], *rearg denied* 8 NY3d 828 [2007]). Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.