■ Samson Lift Technologies, LLC, Appellant-Respondent, v Jerr-Dan Corporation, Also Known as Jerrdan Corporation, Respondent-Appellant, et al., Respondent. [33 NYS3d 168]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about March 11, 2015, which, to the extent appealed from, denied plaintiff's motion for summary judgment as to the issue of liability on its breach of contract cause of action, denied defendant Jerr-Dan Corporation's motion for summary judgment finding that plaintiff suffered no damages as a result of the alleged breach of contract, and granted defendant Oshkosh Corporation's motion for summary judgment dismissing the causes of action for fraud and promissory estoppel, unanimously affirmed, with costs.

An issue of fact as to whether defendant Jerr-Dan breached the "reasonable commercial efforts" clause in section 8.2 of its amended license agreement with plaintiff precludes summary judgment in plaintiff's favor (see Holland Am. Cruises, N.V. v Carver Fed. Sav. & Loan Assn., 60 AD2d 545, 545 [1st Dept 1977]; see also Jones v Community Bank of Sullivan County, 306 AD2d 679, 680-681 [3d Dept 2003]). Plaintiff argues that Jerr-Dan breached the agreement by omitting plaintiff's patented side-loading vehicle retriever (SLVR) from "Covered Products" status in Jerr-Dan's distributor agreements and from dealer incentive programs and matters involving commissions based on sales and profit margins and by unfairly treating the pricing of the SLVR. However, Jerr-Dan's stated justifications for these omissions and other treatment of the SLVR raise issues of fact as to whether any of the challenged conduct, individually or in the aggregate, constitutes a breach of Jerr-Dan's obligation under the amended license agreement to use "reasonable commercial efforts."

Nor did Jerr-Dan establish its entitlement to a summary finding that plaintiff suffered no damages as a result of the alleged breach of contract since the primary damages calculation by Glenn Pomerantz, plaintiff's expert, indicated lost profits of $24,265,851 resulting from the difference between Jerr-Dan and plaintiff's actual sales of SLVRs between 2005 and 2016 and their projected sales absent the alleged breach. Contrary to defendants' assertion, Pomerantz's calculation is not speculative (see Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986]). It is based, in part, on sections 3.3 and 3.4 of the amended license agreement, which required Jerr-Dan to achieve "Exclusivity Targets" of 350 units for the first two years combined and 350 units yearly for each year thereafter, "a stable foundation for a reasonable estimate of damages" (see

*Wathne Imports, Ltd. v PRL USA, Inc.*, 101 AD3d 83, 89 [1st Dept 2012] [internal quotation marks omitted]). We reject defendants' characterization of the Exclusivity Targets as an unreliable assessment of potential SLVR sales in light of Jerr-Dan's acknowledgment in the amended license agreement that the agreed-upon Exclusivity Targets "reflect realistic projections of market potential as of the time of the execution of this Agreement." The record establishes that the issue of future sales was not only contemplated by the parties in the amended license agreement, but was fully considered, analyzed, and negotiated by sophisticated business professionals during their extended contract negotiations (*see also Ashland Mgt. v Janien*, 82 NY2d 395, 406 [1993]).

Plaintiff failed to prove an injury in connection with its causes of action for fraud and promissory estoppel arising from Oshkosh's purported inducement of it to amend the licensing agreement (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc.*, 95 AD3d 434, 439 [1st Dept 2012]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.